# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LOREN J. LARSON JR.,

              Plaintiff,

v.

JONATHAN BARCUS, et al.,

              Defendants.

Case No. 3:25-cv-00296-SLG

## SCREENING ORDER & ORDER DIRECTING RESPONSE

On October 23, 2025, Defendant Zane Nighswonger filed a Notice of Removal seeking to remove this case originally filed in state court by self-represented prisoner Loren J. Larson Jr. ("Plaintiff").[1] Plaintiff claims Zane Nighswonger and Jonathan Barcus violated his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc *et seq.*[2] Defendant Jonathan Barcus appeared in this action through counsel on December 11, 2025.

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e). Liberally construed,[3] the FAC contains some plausible claims that are "sufficient to meet the low threshold for proceeding past the screening

---

[1] Docket 1.

[2] Docket 1-1.

[3] *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (noting that court are obligated to construe complaints filed by self-represented litigants liberally and afford them the benefit of the any doubt).

stage."[4] This means that Plaintiff's case may proceed to the next stage of litigation. The Court has jurisdiction under 28 U.S.C. § 1331.

Defendants, represented by the Attorney General for the State of Alaska, shall have **twenty-one (21) days** from the date of this order to file an Answer or otherwise respond to the Complaint.[5] The Court's preliminary screening determination does not preclude Defendants from challenging the sufficiency of the complaint by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or other appropriate motion.[6]

IT IS THEREFORE ORDERED:

1. Liberally construed, Plaintiff's Complaint states a plausible claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc et seq.

---

[4] *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

[5] *See* Fed. R. Civ. P. 12. However, the Court cautions against seeking dismissal based on insufficient service on Mr. Barcus. Although a notice of appearance filed in federal court does not by itself waive service of process, an "appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) *amended,* 807 F.2d 1514 (9th Cir. 1987).

[6] *See Norsworthy v. Beard,* 87 F. Supp. 3d 1104, 1111 n.4 (N.D. Cal. 2015) ("The issuance of a screening order under the Prison Litigation Reform Act finding that [plaintiff] has stated a cognizable claim does not foreclose defendants from moving to dismiss the complaint."); *Teahan v. Wilhelm,* 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) ("[T]he sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring.").

Case No. 3:25-cv-00296-SLG, *Larson, Jr. v. Barcus, et al.*
Screening Order & Order Directing Response
Page 2 of 6
Case 3:25-cv-00296-SLG    Document 13    Filed 02/12/26    Page 2 of 6

2. Defendants must file an Answer or otherwise respond to Plaintiff's Complaint **within 21 days of the date of this order**.

3. All future papers sent to the Court must be identified with the name of the Court, the case number, the name of Plaintiff and name of the first Defendant, and the title of the document, as illustrated on the first page of this order.[7]

4. All documents filed conventionally with the Court must contain an original signature.[8] Although handwritten filings are permitted, each filing must be legible, double-spaced, have margins of at least one inch around all text, and be the equivalent to at least 13-point font size with spacing between each line.[9]

5. Self-represented litigants must file all documents conventionally, unless otherwise permitted by an order of the Court.[10] When a litigant mails a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that document was filed on the docket and the docket number of the document in the electronic case file for the case.

6. Given that counsel has entered an appearance for both Defendants, the Court's NEF ("Notice of Electronic Filing") constitutes service of a filed document on all registered CM/ECF users in this case.

---

[7] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

[8] Fed. R. Civ. P. 11.

[9] *See* Local Civil Rule 7.5.

[10] Local Civil Rule 5.3.

Case No. 3:25-cv-00296-SLG, *Larson, Jr. v. Barcus, et al.*
Screening Order & Order Directing Response
Page 3 of 6
Case 3:25-cv-00296-SLG    Document 13    Filed 02/12/26    Page 3 of 6

7. Parties who are not registered CM/ECF users and all self-represented parties must be served conventionally.[11]

8. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

9. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.[12] The Court does not allow litigants to accrue copy fees—payment is required before copies will be provided. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced, but must do so *prior to* accruing charges.

---

[11] Local Rule 5.1 (requiring all documents filed electronically to comply with the Court's *Electronic Filing Procedures Guide* available on the court's website); *see also* U.S. District Court for the District of Alaska, Electronic Case Filing Guide, https://www.akd.uscourts.gov/sites/akd/files/ref_atty_electronicpolicy.pdf (last accessed Jan. 21, 2026) ("Service must be affected conventionally (non-electronic) on *pro se* parties."). *See also* Local Rule 1.1(b)(5) (defining conventional filing as "physically filing a document (i.e. a paper copy) or other item (such as a thumb drive or other physical exhibit) directly with the Clerk, rather than filing electronically via CM/ECF").

[12] Alaska Local Civil Rule 79.2(b). *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 4(a) (adopting a schedule of fees for copying and related services provided by the United States District Courts).

Case No. 3:25-cv-00296-SLG, *Larson, Jr. v. Barcus, et al.*
Screening Order & Order Directing Response
Page 4 of 6
Case 3:25-cv-00296-SLG     Document 13     Filed 02/12/26     Page 4 of 6

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[13] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

11. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to a case. Self-represented litigants may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources. Please note that Clerk's Office staff are prohibited by law from providing legal advice.

12. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[14]

---

[13] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

[14] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska,

13. The Clerk shall update the docket to reflect Defendant Jonathan Barcus's full name, as set forth above.

DATED this 12th day of February, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:25-cv-00296-SLG, *Larson, Jr. v. Barcus, et al.*
Screening Order & Order Directing Response
Page 6 of 6
Case 3:25-cv-00296-SLG    Document 13    Filed 02/12/26    Page 6 of 6